IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NSIGHT, INC.,

    Plaintiff,

  v.

PEOPLESOFT, INC,

    Defendant

No. C-04-3836 MMC

**ORDER STRIKING MULTIPLE OPPOSITION MEMORANDA FILED BY PLAINTIFF; DIRECTING PLAINTIFF TO FILE ONE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

    On April 28, 2005, plaintiff filed a nine-page opposition to defendant's motion to dismiss plaintiff's First Amended Complaint ("FAC").  On April 29, 2005, plaintiff, without explanation, filed a second opposition, consisting of ten pages of argument.  On May 4, 2005, plaintiff filed a third opposition, denominated a "supplemental response," consisting of another ten pages of argument.  Further, plaintiff, in setting forth its response to defendant's arguments pertaining to plaintiff's state law claims, has, in two of the above-referenced oppositions, incorporated by reference plaintiff's twelve-page opposition to defendant's motion to dismiss plaintiff's original complaint.  In sum, plaintiff has requested the Court consider four documents, totaling approximately 41 pages, as its opposition to defendant's motion to dismiss the FAC.

    The Local Rules of this District provide that an opposition may not exceed 25 pages of text.  See Civil L.R. 7-3(a).  Plaintiff's reliance on multiple oppositions, totaling 41 pages

of text, is in violation thereof.  Further, although not expressly stated in the Local Rules, it is generally understood that a single motion gives rise to a single opposition and a single reply.  Finally, apart from the violation of the Local Rules, plaintiff's reliance on four separate opposition memoranda is likely to cause unnecessary confusion with respect to defendant's identification of and response to plaintiff's arguments, as well as the Court's assessment of the parties' respective contentions.

Accordingly, the Court hereby STRIKES each of the above-referenced oppositions to the FAC, without prejudice to plaintiff's filing one opposition, not to exceed 25 pages in length, no later than May 13, 2005.  See Civil L.R. 7-3(a); Landis v. North American Co., 299 U.S. 248, 254 (1936) (observing district courts have "power inherent . . . to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

**IT IS SO ORDERED.**

Dated:  May 6, 2005         /s/ Maxine M. Chesney
                            MAXINE M. CHESNEY
                            United States District Judge

2