IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NSIGHT, INC., <br><br> Plaintiff, <br><br> v. <br><br> PEOPLESOFT, INC, <br><br> Defendant | No. C-04-3836 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; AFFORDING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT; VACATING HEARING** |

Before the Court is defendant PeopleSoft, Inc.'s motion to dismiss plaintiff's First Amended Complaint ("FAC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff nSight, Inc. has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for June 3, 2005, and rules as follows.

1. The First Cause of Action, alleging a violation of § 1 of the Sherman Act, and the Third Cause of Action, alleging a violation of § 3 of the Clayton Act, are not subject to dismissal for failure to allege antitrust injury, because plaintiff alleges that prices in the relevant market[1] have risen as a result of defendant's alleged antitrust violations. See FAC

---

[1] Plaintiff alleges it competes with defendant in a market identified as "'implementing or customizing PeopleSoft Manufacturing Automation software' for medium-sized businesses in the United States." (See FAC ¶ 21.)

1  ¶ 23; Pinhas v. Summit Health, 894 F. 2d 1024, 1032 (9th Cir. 1992) (holding, where
2  plaintiff alleged defendants attempted to remove plaintiff from medical service market,
3  plaintiff's allegation he performed services at lower cost than defendants was sufficient to
4  allege antitrust injury; stating "preclusion of [plaintiff] from practicing could conceivably
5  injure competition by allowing other similar doctors to charge higher prices").  Further, the
6  First and Third Causes of Action are not subject to dismissal for failure to allege a tying
7  claim, because plaintiff alleges that defendant has conditioned the sale of defendant's
8  software upon the purchase of defendant's customization and implementation services.
9  See FAC ¶ 28; County of Tuolumne v. Sonora Community Hospital, 236 F. 3d 1148, 1157
10 (9th Cir. 2001) (holding "tying arrangement exists when a seller conditions the sale of one
11 product or service . . . on the buyer's purchase of another product or service").
12        2.  The Second Cause of Action, alleging a violation of § 2 of the Sherman Act, is
13 subject to dismissal.  To the extent the claim is based on a monopolization theory, plaintiff
14 fails to allege that defendant possesses "monopoly power in the relevant market," let alone
15 that defendant has engaged in "willful acquisition and maintenance of that power."  See
16 Smilecare Dental Group v. Delta Dental Plan of California, Inc., 88 F. 3d 780, 783 (9th Cir.
17 1996) (setting forth essential elements of claim for monopolization).  To the extent the claim
18 is based on an attempt to monopolize theory, plaintiff fails to allege that defendant has a
19 "dangerous probability of success" in its attempt to control the relevant market.  See id.
20 (setting forth essential elements of claim for attempt to monopolize).
21        3.  The Fourth Cause of Action, alleging a claim for false advertising in violation of
22 15 U.S.C. § 1125, is subject to dismissal.  Defendant's alleged statements that plaintiff's
23 implementation services were "inferior to [defendant's] services" and that plaintiff's
24 consultants were "not professionals in implementing [defendant's] software," (see FAC
25 ¶ 28), are "the kind of 'puffery' that does not qualify as a statement of fact capable of being
26 proved false."  See, e.g., Coastal Abstract Service, Inc. v. First American Title Ins. Co., 173
27 F. 3d 725, 731 (9th Cir. 1999) (holding defendant's statement that plaintiff was "too small"
28 to handle customer's business needs was inactionable puffery); Cook, Perkiss and Liehe,

Inc. v. Northern California Collection Service, Inc., 911 F. 2d 242, 246 (9th Cir. 1990) (providing as examples of inactionable puffery statements that defendant provided "best technology" and "better customer service" than its competitors).

  4. The Fifth Cause of Action, alleging monopolization and attempt to monopolize in violation of the Cartwright Act, is, for the reasons stated with respect to the Second Cause of Action, subject to dismissal. See Marin County Board of Realtors, Inc. v. Palsson, 16 Cal. 3d 920, 925 (1976) (holding because Cartwright Act is patterned after Sherman Act, "federal cases interpreting the Sherman Act are applicable to problems arising under the Cartwright Act").[2]

  5. The Sixth Cause of Action, alleging a claim for breach of the covenant of good faith and fair dealing, and the Eighth Cause of Action, alleging a claim for breach of contract, are not subject to dismissal for failure to sufficiently allege the nature of the breach. Plaintiff alleges that the parties' "Teaming Agreements" required defendant, as "prime vendor," to "farm out the services contract" to plaintiff, and that defendant breached the Teaming Agreements by failing to do so. (See FAC ¶¶ 17, 20.)

  6. The Seventh Cause of Action, alleging a claim for breach of fiduciary duty, is subject to dismissal because plaintiff fails to allege any facts to support a finding that defendant owed plaintiff, one of defendant's competitors in the relevant market, a fiduciary duty. Plaintiff's allegation that it had a contractual relationship with defendant is, standing alone, insufficient. See Wolf v. Superior Court, 107 Cal. App. 4th 25, 31 (Cal. App. 2003) (holding fact that "[e]very contract requires one party to repose an element of trust and confidence in the other to perform" insufficient to create fiduciary duty on part of contracting party).

  7. The Ninth Cause of Action, alleging a violation of § 17200 of the California

---

[2]As pleaded, the Fifth Cause of Action could be interpreted as, in part, a claim for tying in violation of the Cartwright Act. (See FAC ¶ 38 (alleging defendant "has entered into contracts in restraint of trade).") The Tenth Cause of Action, however, specifically alleges tying in violation of the Cartwright Act. (See FAC ¶ 52.) Accordingly, the Court does not interpret the Fifth Cause of Action to include tying.

1  Business and Professions Code, is not subject to dismissal because plaintiff has alleged
2  unlawful activity on the part of defendant, for example, unlawful tying.

3      8.  The Tenth Cause of Action, alleging tying in violation of the Cartwright Act, is, for
4  the reasons stated with respect to the First and Third Causes of Action, not subject to
5  dismissal.  See Marin County Board of Realtors, 16 Cal. 3d at 925 (holding "federal cases
6  interpreting the Sherman Act are applicable to problems arising under the Cartwright Act").

7      9.  The Eleventh Cause of Action, alleging a claim of trade libel, is, for the reasons
8  stated with respect to the Fourth Cause of Action, subject to dismissal.  See Coastal
9  Abstract Service, 173 F. 3d at 730-31 (holding "puffery" by plaintiff's competitor not
10 actionable under California defamation law).

11     10.  The Twelfth Cause of Action, alleging a claim for intentional interference with
12 prospective business advantage, is not subject to dismissal.  Plaintiff alleges that it had an
13 expectation of economic benefit from third parties IMI Cornelius and Interstate Batteries,
14 that defendant had knowledge of said relationships, that defendant intended to disrupt said
15 relationships when defendant engaged in unlawful tying activity, that the relationships were
16 disrupted by defendant's conduct, and that plaintiff incurred financial loss as a result
17 thereof.  See FAC ¶¶ 19, 25, 27; Westside Center Assocs. v. Safeway Stores 23, Inc., 42
18 Cal. App. 4th 507, 521-22 and n. 17 (1996) (setting forth essential elements of claim for
19 intentional interference with prospective business advantage).

20     11.  The Thirteenth Cause of Action, alleging a claim for fraud, is subject to
21 dismissal. Plaintiff fails to allege "the time, place, and content of the alleged fraudulent
22 representation or omission [and] the identity of the person engaged in the fraud," see In re
23 GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir.1994), and fails to allege facts to
24 support a finding that any such representation and/or omission was false when made, see
25 Fecht v. Price Co., 70 F. 3d 1078, 1083 (9th Cir. 1995) (holding plaintiff alleging fraud must
26 allege facts to support finding representations were false when made), cert. denied, 517
27 U.S. 1136 (1996).
28 //

4

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss the First Amended Complaint is hereby GRANTED in part and DENIED in part, as follows:

1. The Second, Fourth, Fifth, Seventh, Eleventh and Thirteenth Causes of Action are hereby DISMISSED.

2. In all other respects, the motion is DENIED.

3. Plaintiff may file a Second Amended Complaint, no later than June 17, 2005, to cure the deficiencies identified above.  If plaintiff does not file a Second Amended Complaint within the time provided, the action will proceed on the remaining claims in the FAC.

**IT IS SO ORDERED.**

Dated: June 1, 2005                                             /s/ Maxine M. Chesney
                                                                                MAXINE M. CHESNEY
                                                                                United States District Judge