IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NSIGHT, INC.,

    Plaintiff,

  v.

PEOPLESOFT, INC,

    Defendant

No. C-04-3836 MMC

**ORDER GRANTING IN PART AND DENYING IN DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**

    Before the Court is defendant PeopleSoft, Inc.'s motion to dismiss six claims in plaintiff nSight, Inc's Second Amended Complaint ("SAC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for August 12, 2005, and rules as follows.

    1. The Second Cause of Action, alleging a violation of § 2 of the Sherman Act, is subject to dismissal, both under a monopolization and an attempted monopolization theory.

        a. Plaintiff fails to plead facts to support its conclusion that defendant has "monopoly power in the relevant market."[1] See Smilecare Dental Group v. Delta Dental

---

[1] The relevant market is "'implementing or customizing PeopleSoft Manufacturing Automation software' for medium-sized businesses in the United States." (See FAC ¶ 21.)

Plan of California, Inc., 88 F. 3d 780, 783 (9th Cir. 1996) (setting forth essential elements of claim for monopolization).  Plaintiff's allegation that defendant, in 2002, recognized 73% of its revenues from sales in the relevant market, (see SAC ¶ 30b), is immaterial to the issue of whether defendant has monopoly power in that market.[2]  Although plaintiff seeks leave to amend to allege that defendant, in a marketing document, stated it is the "largest consulting firm dedicated to PeopleSoft applications," (see Pl.'s Opp at 4:18-20, 29), such leave would be futile because, even assuming defendant's statement refers to the relevant market, the word "largest" is insufficient to support a finding of monopoly power.  Cf. Cost Management Services, Inc. v. Washington Natural Gas Co., 99 F. 3d 937, 950-51 (9th Cir. 1996) (holding allegation defendant had 90% market share in relevant market, coupled with factual allegations to support finding defendant had ability to control prices and to exclude competition, sufficient to allege defendant had monopoly power).

      b.  Plaintiff fails to plead facts to support its conclusion that defendant has a "dangerous probability of success" in its attempt to control the relevant market.  See Smilecare Dental Group, 88 F. 3d at 783 (9th Cir. 1996) (setting forth essential elements of claim for attempt to monopolize).  Even where a defendant has a "high market share," a "dangerous probability of achieving monopoly power" cannot exist in the absence of "barriers to new entry or expansion."  See American Professional Testing Service, Inc. v. Harcourt Brace Jovanovich Legal and Professional Publications, Inc., 108 F.3d 1147, 1154 (9th Cir. 1997).  Here, the SAC does not include any allegations suggesting that companies wishing to enter the relevant market are unable to do so as a result of barriers to entry, and plaintiff, in its opposition, fails to indicate how further amendment could cure this deficiency.

    2. The Fourth Cause of Action, alleging a claim for trade disparagement in violation of 15 U.S.C. § 1125, is not subject to dismissal for any of the three grounds asserted by defendant.  First, plaintiff has sufficiently alleged it was damaged as a result of the

---

[2]Additionally, the Court notes that plaintiff, in its opposition although not in the SAC, states that 34 companies were competing with defendant in 2004.  (See Pl.'s Opp., filed July 22, 2005, at 5:12-13.)

2

statements, specifically, that IMI Cornelius ("IMI") breached an agreement it had with plaintiff, under which plaintiff was to provide implementation services to IMI, after defendant made the allegedly disparaging statements to IMI. (See SAC ¶¶ 20e, 20j.)[3]  Second, a reasonable trier of fact could find the statement that plaintiff was "incapable of having a 30% deposit of funds before [plaintiff] started work on the project," (see SAC ¶ 20f), to be disparaging because, although a deposit was "not mandatory or necessary," (see id.), the statement implies plaintiff was not financially viable.  Third, the Court cannot find from the face of the complaint that the claim is barred by the statute of limitations, because the complaint does not allege that plaintiff had knowledge of defendant's statements more than three years before the filing of the initial complaint.  See Karl Storz Endoscopy America, Inc. v. Surgical Technologies, Inc., 285 F. 3d 848, 857 (9th Cir. 2002) (holding claim under 15 U.S.C. § 1125 subject to 3-year statute of limitations and that such claim accrues when plaintiff has "actual or constructive knowledge of the wrong"); Vaughan v. Grijalva, 927 F. 2d 476, 479 (9th Cir. 1991) ("A statute of limitation defense may be raised by a motion to dismiss if the running of the limitation period is apparent on the face of the complaint.")

        3. The Fifth Cause of Action, alleging monopolization and attempt to monopolize in violation of the Cartwright Act,[4] is, for the reasons stated with respect to the Second Cause of Action, subject to dismissal.  See Marin County Board of Realtors, Inc. v. Palsson, 16 Cal. 3d 920, 925 (1976) (holding because Cartwright Act is patterned after Sherman Act, "federal cases interpreting the Sherman Act are applicable to problems arising under the Cartwright Act").

---

[3] Defendant argues that it is inconsistent for plaintiff to allege plaintiff had a "teaming agreement" with defendant, (see SAC ¶ 20), and that plaintiff also had services contracts with third parties, (see SAC ¶ 20e).  Any inconsistency, however, is not apparent from the face of the complaint, which alleges that one of defendant's obligations under the "teaming agreement" was to "farm out services contracts" to plaintiff.  (See SAC ¶ 20.)

[4] As the Court observed in its order dismissing the First Amended Complaint, the Fifth Cause of Action could be interpreted as, in part, a claim for tying in violation of the Cartwright Act.  (See SAC ¶ 38 (alleging defendant "has entered into contracts in restraint of trade).)  The Tenth Cause of Action, however, specifically alleges tying in violation of the Cartwright Act.  (See FAC ¶ 52.)  Accordingly, the Court does not interpret the Fifth Cause of Action to include a claim for tying.

4. The Seventh Cause of Action, alleging a claim for breach of fiduciary duty, is not subject to dismissal for either reason asserted by defendant. First, the Court cannot find plaintiff is unable to establish its relationship with defendant was not a partnership or joint venture, in light of plaintiff's allegation that defendant publicly described the relationship as a "partnership," and that the arrangement involved both parties making financial investments in joint marketing and sales activities directed to third parties, with each party intending to receive income from the third parties. See SAC ¶¶ 15a, 17-19, 20c-20d; Weiner v. Fleischman, 54 Cal. 3d 476, 482 (1991) (defining "joint venture" as association by two or more entities to carry on enterprise for profit). Second, the Court cannot find from the face of the complaint that the claim is barred by the statute of limitations, because the complaint does not allege that plaintiff learned, more than three years before the filing of the initial complaint, that defendant committed the acts asserted to constitute breaches of fiduciary duty. See April Enterprises, Inc. v. KTTV, 147 Cal. App. 3d 805, 827 and n.11 (1983) (holding limitations period applicable to claims for breach of fiduciary duty arising from fraudulent statements is "three years from the date of discovery").

5. The Eleventh Cause of Action, alleging a claim for trade libel, is, for the reasons stated with respect to the Fourth Cause of Action, not subject to dismissal.

6. The Thirteenth Cause of Action, alleging a claim for fraud, is not subject to dismissal for either reason asserted by defendant. First, whether or not plaintiff relied on defendant's statements to IMI is immaterial because the fraud claim is not based on those statements; rather, it is based on defendant's concealing material information from plaintiff when defendant made statements to plaintiff. (See SAC ¶ 58.) Second, the Court cannot find from the face of the complaint that the claim is barred by the statute of limitations, because the complaint does not allege that plaintiff, more than three years before the filing of the initial complaint, learned of the facts assertedly concealed by defendant. See Cal. Code Civ. Proc. § 338(d) (providing claim for fraud does not accrue until plaintiff discovers "facts constituting the fraud").

7. Plaintiff's request, made in its opposition, for leave to file a Third Amended

Complaint to add a claim for misappropriation of trade secrets, is DENIED, without prejudice to plaintiff's filing a noticed motion pursuant to the Local Rules of this District. See Civil L.R. 7-1. Any such motion should be accompanied by a declaration of counsel, to which the proposed amended pleading is attached as an exhibit.[5]

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss certain claims in the Second Amended Complaint is hereby GRANTED in part and DENIED in part, as follows:

1. The Second and Fifth Causes of Action are hereby DISMISSED.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: August 5, 2005

MAXINE M. CHESNEY
United States District Judge

---

[5] The Court additionally notes that plaintiff, in its opposition, states the Court has "imposed a stay on discovery." (See Pl.'s Opp., filed July 22, 2005, at 1:26-27.) Plaintiff is in error. The Court stayed discovery pending a ruling on defendant's motion to dismiss the original complaint. (See Amended Civil Minutes, filed February 4, 2005.) On March 23, 2005, the Court issued its order addressing defendant's motion to dismiss the original complaint. Accordingly, the stay was automatically lifted on March 23, 2005.

5