1   ROBERT T. SULLWOLD (Bar No. 88139)
    JAMES A. HUGHES (Bar No. 88380)
2   SULLWOLD & HUGHES
    235 Montgomery Street, Suite 730
3   San Francisco, CA  94104
    (415) 263-1850
4   (415) 989-9798 FAX

5   DORIAN DALEY (Bar No. 129049)
    JEFFREY S. ROSS (Bar No. 138172)
6   ORACLE USA, INC.
    500 Oracle Parkway, 7th Floor
7   Redwood Shores, California 94065
    Telephone:  (650) 506-5200
8   Facsimile:  (650) 506-7114

9   Attorneys for Oracle USA, Inc.

10

11                     UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                        SAN FRANCISCO DIVISION

14   NSIGHT, INC.,                          Case No.: 04-3836 MMC

15                                          STATUS REPORT OF ORACLE USA, INC.
                      Plaintiff             REGARDING EFFORTS TO CONDUCT MEET
16                                          AND CONFER SESSION; REQUEST FOR
                                            TELEPHONIC DISCOVERY CONFERENCE
17        v.
                                            DISCOVERY MATTER
18
     PEOPLESOFT, INC.,                      BEFORE:   MAGISTRATE JUDGE
19                                                    MARIA-ELENA JAMES

20                    Defendant.

21

22              Oracle USA, Inc., as successor to defendant PeopleSoft, Inc., submits this status report

23   pursuant to Magistrate Judge Maria-Elena James' order dated January 4, 2006 (the "Order").  The Order

24   followed Judge Chesney's referral of the parties' pending discovery motions, as well as all other

25   discovery disputes. Oracle USA apologizes for not submitting a joint meet and confer letter as

26   contemplated by the Order, but under the circumstances as described below that is impossible and

27   further guidance from the Court is needed.  Oracle USA accordingly requests a telephonic discovery

28   conference.

                                                    1

The Order required the parties to meet and confer *in person* regarding the pending discovery disputes.  Upon receipt of the Order on January 4, 2006, Oracle USA's counsel promptly emailed Plaintiff's counsel in an attempt to schedule the required meet and confer session.  When Plaintiff's counsel failed to respond, Oracle repeated its request on January 5, 2006.  This request generated a serious of vitriolic email messages from Plaintiff's counsel, in which he refused to engage in the ordered conference.  Nothing in the polite requests from Oracle USA's counsel justified Plaintiff's counsel's invective, which continued despite requests that he act in a professional manner.  A true and correct copy of the e-mail chain containing these messages is attached as Exhibit 1 to the Declaration of James A. Hughes ("Hughes Decl.").

On January 9, Plaintiff's counsel sent an email stating that he wished to conduct the meet and confer on January 27 at the federal courthouse, when the parties are scheduled to participate in a settlement conference before Magistrate Judge Chen.  This date is more than three weeks after the Order was issued.  Oracle USA replied that January 27 was too far in the future, given the schedule of the case, in which expert discovery must be completed by March 3, 2006, dispositive motions must be filed by March 17, 2006; and trial is set for June 12, 2006.  (To date Plaintiff has refused to respond to *any* discovery and refused to produce its President for a properly noticed deposition, all of which are topics of Oracle USA's pending discovery motion).  Thinking that the real concern of Plaintiff's counsel might be that the Order required an in-person meeting, which was inconvenient for him because he practices in Los Angeles and St. Louis, Oracle USA's counsel emailed him again, offering to seek permission from the Court to conduct the meet and confer session by telephone, and requesting his availability for such a telephone conference.  This resulted in another invective-filled message from Plaintiff's counsel refusing even to discuss dates and times for a telephonic meet and confer session.  Hughes Decl. Exhibit 2.

This abusive, intransigent approach to discovery obligations is not isolated.  Rather, Oracle USA's pending discovery motion demonstrates that this conduct is consistent with the manner in which Plaintiff's counsel has handled the case from the beginning.  Every lawyer who has dealt with Plaintiff's counsel has been accused of being impolite, acting solely to generate attorneys' fees, and taking unreasonable positions—even though an objective review in every instance shows that their

1    positions have been entirely correct under the law and the facts.

2              Oracle USA accordingly requests that Plaintiff's motion to compel be denied for refusal

3    to participate in a timely meet and confer session and that Oracle USA's motion be granted or scheduled

4    for hearing at the Court's earliest convenience.  Alternatively, and at the very least, Oracle USA requests

5    that the Court order that (1) the meet and confer session may, given Plaintiff's counsel's office locations,

6    be conducted by telephone and (2) it must be completed by January 20, 2006 so that any remaining

7    differences may be promptly presented to the Court.

8              To the extent a telephonic discovery conference is required, as set forth in Magistrate

9    James' standing order, Oracle USA requests such a conference.  As detailed in Exhibits 1 and 2, Counsel

10   for Oracle USA has been unable to obtain any dates and times from Plaintiff's counsel when he would

11   be available for such a conference.  Oracle USA's counsel currently can be available any day next week

12   at the Court's convenience at the following number:  415-263-1855.  Oracle USA anticipates that the

13   conference would take no more than 15 minutes.

14   DATED:  January 13, 2006                          ROBERT T. SULLWOLD
                                                        JAMES A. HUGHES
15                                                      SULLWOLD & HUGHES

16

17                                                      By: _____/S/_____
                                                                 JAMES A. HUGHES
18                                                         Attorneys for Oracle USA, Inc.

19   OF COUNSEL:

20   DORIAN DALEY
     JEFFREY S. ROSS

21

22

23

24

25

26

27

28