IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NSIGHT, INC., | No. 3:04 CV 3836 MMC (MEJ) |
| Plaintiff, | |
| vs. | **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENA DUCES TECUM** |
| PEOPLESOFT, INC., | |
| Defendant. | |

## I.   INTRODUCTION

This case involves claims by plaintiff nSight, Inc. ("Plaintiff") against defendant PeopleSoft, Inc. ("PeopleSoft") for violations of federal antitrust laws and violations of California state laws pertaining to antitrust, unfair competition, and contracts.  In the course of gathering evidence, Plaintiff obtained a report published on PeopleSoft's website that was prepared by a third-party market analyst, Forrester Research, Inc. ("Forrester").  Plaintiff subsequently served a non-party subpoena duces tecum on Forrester, requesting all documents, records, and items in its possession related to PeopleSoft's business practices during the years 1999-2004.  Forrester objected to the subpoena and, in response, Plaintiff brought a Motion to Compel Compliance With Non-Party Subpoena Duces Tecum ("Motion to Compel").

## II.   BACKGROUND

Plaintiff, as an Independent Service Provider (ISP), entered into various consulting service

1 agreements with PeopleSoft during the years 1996-2001 to perform implementation and
2 customization of PeopleSoft products for customer sites.  Third Amended Complaint ("Complaint"),
3 ¶ 8 and ¶ 11.  Plaintiff recruited and trained engineers and technicians to work exclusively in
4 customizing PeopleSoft software to meet the specific needs of manufacturing and distribution
5 companies.  *Id.* at ¶ 9.  In 2001, Plaintiff entered into a consulting agreement with PeopleSoft, the
6 pre-marketing efforts of which resulted in securing a contract with distributor IMI Bevcore.  *Id.* at ¶
7 20d-20e.  After securing this contract, PeopleSoft, as primary vendor, took over the business for
8 itself.  *Id.* at ¶ 20.  IMI Bevcore subsequently purchased numerous other products and services from
9 PeopleSoft, all of which Plaintiff argues would likely have generated millions of dollars of
10 implementation business for Plaintiff.  *Id.* at ¶ 20j.

11 Plaintiff asserts that PeopleSoft misused its market power and drove smaller competitors,
12 including Plaintiff, out of the implementation and customization market.  *Id.* at ¶ 23.  To support this
13 assertion, Plaintiff obtained a report published by Forrester indicating how PeopleSoft aggressively
14 used its Certified Implementation Partner Program in the PeopleSoft software implementation and
15 customization business.  Memorandum in Support of Motion to Compel Compliance With Subpoena
16 Duces Tecum ("Memorandum"), p. 2.  Plaintiff currently seeks to substantiate the report's
17 conclusions by compelling Forrester, a non-party, to produce documents, records, notes, and
18 memoranda in its possession related to PeopleSoft's business practices during the years 1999-2004.
19 Response to Objections of Forrester and PeopleSoft ("Response"), ¶ 3.

20 On February 9, 2006, the Clerk of Court issued a subpoena requiring Forrester to provide the
21 requested items to Plaintiff by February 23, 2006.  Memorandum, Exhibit A.  Forrester objected to
22 the subpoena on February 21, 2006.  As a result of Forrester's objection, Plaintiff filed its Motion to
23 Compel on February 28, 2006.  On March 23, 2006, both Forrester and PeopleSoft filed oppositions
24 to Plaintiff's motion.  Plaintiff filed its response on April 2, 2006.

### III. DISCUSSION

26 In its motion, Plaintiff argues that the documents it requests are key to its antitrust case against
27 PeopleSoft, and the quality of the information is such that it is unique and unavailable by any other

2

1 means. Memorandum at 2.

2 In response, Forrester argues the subpoena requires disclosure of protected research of an
3 un-retained expert and that Plaintiff has not shown a substantial need for the requested information
4 that cannot otherwise be met without undue hardship. Forrester Research Inc.'s Opposition to
5 nSight, Inc.'s Motion to Compel Compliance with Non-Party Subpoena Duces Tecum ("Forrester
6 Opposition"), pp. 3-5. In addition, Forrester asserts that the subpoena imposes an undue burden, is
7 over-broad and untimely, and compliance would be futile. *Id.* at 5-7.

8 PeopleSoft opposes Plaintiff's motion on procedural grounds, arguing the subpoena was
9 issued and served well after the discovery cutoff of December 30, 2005. Opposition to Plaintiff's
10 Motion to Compel Compliance with Non-Party Subpoena ("PeopleSoft Opposition"), p. 1.
11 PeopleSoft further argues that it timely objected to subpoena on this basis and requested that
12 Plaintiff meet and confer on the issue, but Plaintiff refused. *Id.* at 1-2. It states that upon refusing,
13 Plaintiff asserted that the subpoena did not constitute discovery, but was instead a trial subpoena, a
14 position that PeopleSoft argues is meritless. *Id.* at 2.

15 **A.     Legal Standard**

16 The primary method for requesting that a non-party produce documents is by subpoena under
17 Federal Rule of Civil Procedure ("FRCP") 45. *See* Fed. R. Civ. P. 34(c) and Fed. R. Civ. P. 45.
18 Rule 45 subpoenas allow a party to command a non-party to produce books, documents, or tangible
19 items in its possession, custody, or control. Fed. R. Civ. P. 45(a)(1)(C). If a non-party objects, the
20 party serving the subpoena may move to the compel compliance with the subpoena. Fed. R. Civ P.
21 45(c)(2)(B). In ruling on a motion to compel, a court may quash or modify the subpoena if it fails to
22 allow a reasonable time for compliance or subjects the non-party to an undue burden. Fed. R. Civ.
23 P. 45(c)(3)(A). A court may also quash or modify a subpoena if it requires disclosure of trade
24 secrets, confidential research, or an un-retained expert's opinion. Fed. R. Civ. Pro. 45(c)(3)(B). On
25 the other hand, a court may order that the non-party produce the documents if the party serving the
26 subpoena shows a substantial need for the material that cannot otherwise be met without undue
27 hardship. Fed. R. Civ. P. 45(c)(3)(B)(iii).

28

3

In California, federal courts interpret Rule 45 as setting forth two types of subpoenas: pre-trial discovery subpoenas and trial subpoenas. *See F.T.C. v. Netscape Comm. Corp.*, 196 F.R.D. 559, 560 (N.D. Cal. 2000); *see also Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 562 (S.D. Cal. 1999). Pre-trial discovery subpoenas include, *inter alia*, requests for the production and inspection and books, documents, and tangible items. *See* Fed. R. Civ. P. 26(a)(5) (Parties may obtain discovery by requesting production of documents or things under Rule 45(a)(1)(C), for inspection and other purposes). Trial subpoenas, on the other hand, include requests for attendance at a hearing or trial, (*see* Fed. R. Civ. P. 45(a)(1)-(2)(A)), and may be used in narrow circumstances to secure documents. *See Puritan Inv. Corp. v. ASLL Corp.,* 1997 WL 793569, 1 (E.D. Pa. 1997) (trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation); *see also Rice v. U.S.*, 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995) (trial subpoenas may be used to ensure availability at trial of original documents previously disclosed by discovery).

California federal courts and the majority of jurisdictions hold that, absent one of the narrow circumstances highlighted above, requests for production of documents and things under Rule 45 constitute pre-trial discovery and must be served within the designated discovery period. *See Integra Lifesciences*, 190 F.R.D. at 561-62. Many courts have found that Rule 45 subpoenas sought after the discovery cut-off are improper attempts to obtain discovery beyond the discovery period. *See Rice v. U.S.*, 164 F.R.D. at 557-559 (subpoenas duces tecum for particular records, issued to third parties after close of discovery, were quashed as improper attempt to engage in discovery after discovery cut-off); *see also F.T.C.*, 196 F.R.D. at 560-561. Courts have emphasized that a party's further investigation and trial preparation after a discovery cut-off may not invoke the authority of the court to issue a Rule 45 subpoena. *See Rice,* 164 F.R.D. at 558.

**B.  Application to Case at Bar**

Here, Plaintiff argues there is a split of authority as to whether a subpoena is discovery and, in this case, there is a special mitigating circumstance to permit the subpoena to be enforced. Response at ¶ 2. Specifically, Plaintiff asserts its discovery efforts were severely hindered when it

4

was not made aware for six months that a stay imposed on discovery by the Honorable Maxine M. Chesney, the presiding judge in this matter, had automatically lifted. *Id.* In addition, Plaintiff argues that it was unable to get a single document from PeopleSoft pursuant to Rule 34 requests and this "obstruction with normal discovery procedures" by PeopleSoft was an attempt to "run out the clock" on Plaintiff. *Id.* Lastly, Plaintiff argues that the documents requested by the subpoena are needed to substantiate evidence already in its possession and that the Court should tailor an order to help release the documents while protecting the information of Forrester. Response at ¶¶ 3-4.

The primary issue before the Court is whether Plaintiff's non-party subpoena duces tecum constitutes pre-trial discovery. If so, Plaintiff's motion is an attempt to conduct additional discovery after the December 30, 2005 discovery cut-off and should not be permitted.

Plaintiff served Forrester with a subpoena duces tecum pursuant to Rule 45, requesting Forrester to produce "all documents, records, and things, including notes, memoranda or reports relating to PeopleSoft, Inc.'s business practices, pricing policies, customer relations, and relationships with PeopleSoft software customization and implementation during the years 1999-2004." Memorandum, Exhibit A. However, subpoenas requesting the production and inspection of books, documents, and tangible items in the possession, custody, or control of another are pre-trial discovery subpoenas. *See Integra Lifesciences*, 190 F.R.D. at 561-62; *see also* Fed. R. Civ. P. 26(a)(5) (parties may obtain discovery by requesting production of documents or things under Rule 45). Thus, in order for Plaintiff's subpoena to qualify as a trial subpoena, it must either seek a non-party's attendance at trial or a hearing or fit within one of the narrow circumstances allowing a party to secure documents. *See* Fed. R. Civ. P. 45(a)(1)-(2)(A); *see also Rice v. U.S.*, 164 F.R.D. at 558 n.1.

Here, Plaintiff is not requesting Forrester's attendance at trial or a hearing and is not trying to secure original documents, the copies of which were disclosed previously during discovery. In addition, Plaintiff is not seeking the documents and items for the purpose of memory refreshment or for permissible use at trial. Plaintiff instead seeks to obtain documents and records it could have requested during the discovery period. A party may not use a trial subpoena to secure documents

5

involving information known to them during discovery. *See Puritan Inv. Corp.*, 1997 WL 793569 at 2 (citing *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D. N.Y. 1995)); *see also Ghandi v. Police Dept. of City of Detroit,* 747 F.2d 338, 354-355 (6th Cir. 1984) (affirming district court's decision to quash subpoena issued on the eve of trial seeking documents available during discovery). Plaintiff argues that its allegations against PeopleSoft are based in part on the report released by Forrester that was published on PeopleSoft's website. Memorandum at 2. However, Plaintiff filed its most recent complaint containing these allegations on August 8, 2005, long before the discovery cut-off of December 30, 2005. *See* Complaint at 17. Since Plaintiff was in possession of the report during discovery and based its allegations on this report, the information Plaintiff seeks was known to it during the discovery period. As such, it appears Plaintiff is improperly attempting to obtain additional discovery after the discovery cut-off. *See Rice v. U.S.*, 164 F.R.D. at 557-559 (subpoenas duces tecum issued after close of discovery were quashed as improper attempt to engage in discovery after discovery time period). Plaintiff seeks the authority of the Court to engage in what the Court finds to be post-discovery case investigation. However, using the Court's subpoena power for this purpose is improper. *See Rice,* 164 F.R.D. at 557-559 (a party's further investigation and trial preparation after a discovery cut-off may not invoke the authority of a court to issue a Rule 45 subpoena). Accordingly, the Court finds that Plaintiff's subpoena duces tecum constitutes pre-trial discovery and is, therefore, untimely.

Because the undersigned finds Plaintiff is attempting to conduct additional discovery after the discovery cut-off, the undersigned is precluded from ruling on Plaintiff's Motion to Compel. Instead, Plaintiff must file a request before Judge Chesney, the presiding judge in this matter, to extend the discovery time period pursuant to Civil Local Rule 6. Accordingly, Plaintiff's Motion to Compel is DENIED WITHOUT PREJUDICE. As Plaintiff fails to show good cause to extend the discovery cut-off, the undersigned recommends that Judge Chesney deny any request to extend discovery for this purpose.

## IV.  CONCLUSION

Based on the foregoing analysis, the Court hereby ORDERS as follows:

6

1) Plaintiff's Motion to Compel Compliance With Non-Party Subpoena Duces Tecum is DENIED WITHOUT PREJUDICE; and

2) Plaintiff must file a request before Judge Chesney to extend the discovery time period pursuant to Civil Local Rule 6.

As Plaintiff fails to show good cause to extend the discovery cut-off, the undersigned RECOMMENDS that Judge Chesney deny any request to extend discovery for this purpose.

**IT IS SO ORDERED.**

Dated: April 13, 2006

MARIA-ELENA JAMES
United States Magistrate Judge