IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NSIGHT, INC.,<br><br>      Plaintiff,<br><br>  vs.<br><br>PEOPLESOFT, INC.,<br><br>      Defendant.<br>_____/ | No. 3:04 CV 3836 MMC (MEJ)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL RESPONSES TO DOCUMENT REQUESTS, INTERROGATORIES, AND TO PRODUCE WITNESS FOR DEPOSITION** |

      The Court is in receipt of the parties' Joint Meet and Confer Letter Regarding Document Subpoenas (Letter No. 3 of 4), filed May 9, 2006. Doc. #122. In the letter, defendant Oracle USA, Inc. (as successor to PeopleSoft, Inc.) seeks an order compelling: (1) responses from plaintiff nSight, Inc. to its requests for documents served by Oracle on October 18, 2005; (2) responses to its requests to interrogatories served on October 18; and (3) the deposition of nSight's president, Henry Gong, which Oracle noticed on December 6, 2005. nSight did not respond to Oracle's discovery requests, arguing that it brought suit against PeopleSoft, Inc. and, therefore, Oracle does not have standing to propound discovery requests.

      Upon review of the parties' letter and relevant legal authority, the Court hereby GRANTS Oracle's request. First, it is clear that Oracle is the successor obligor as to any and all obligations that may be owed to nSight because PeopleSoft, Inc. no longer exists. *See* Collins Decl., Doc. #74. Thus, under Federal Rule of Civil Procedure 25, "in the absence of a motion for substitution and an order of the Court, the action will be continued in the name of the original party to the suit, the successor in interest being bound by any judgment resulting from the litigation." *International Rediscount Corp. v. Hartford Accident and Indemnity Co.*, 425 F. Supp. 669, 674 (D. Del. 1977); *see*

*also* Fed. R. Civ. P. 25©). "Rule 25©) makes plain that when a transfer of interest occurs the case continues seamlessly making substitution unnecessary. *Kraebel v. New York City Department of Housing Preservation and Development*, 2002 WL 14364, *4 (S.D.N.Y. 2002). As Oracle is PeopleSoft's successor-in-interest, it is properly in this case.

Second, Oracle appeared in this case on September 26, 2005, when it answered nSight's Third Amended Complaint. nSight, at that time, did not object to Oracle's answering as successor to PeopleSoft. Doc. #67.

Finally, on March 10, 2006, the parties attended a further status conference before Judge Chesney, at which time it was agreed that the parties would stipulate to formal substitution of Oracle for PeopleSoft as defendant in this action. Doc. #102. Based on these facts, the Court finds no merit to nSight's claim that Oracle has no standing to propound discovery. Accordingly, the Court hereby ORDERS nSight to respond to Oracle's document requests and interrogatories, as well as make Henry Gong available for deposition, within 30 days from the date of this Order. Failure to comply with this Order may result in the imposition of sanctions, including evidence preclusion.

**IT IS SO ORDERED.**

Dated: May 11, 2006

MARIA-ELENA JAMES
United States Magistrate Judge

2