IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NSIGHT, INC., | No. 3:04 CV 3836 MMC (MEJ) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR SUPPLEMENTAL DISCLOSURES** |
| vs. | |
| PEOPLESOFT, INC., | **ORDER GRANTING DEFENDANT'S REQUEST FOR SUPPLEMENTAL DISCLOSURES** |
| Defendant. / | |

The Court is in receipt of the parties' Joint Meet and Confer Letter Regarding Rule 26 Disclosures (Letter No. 2 of 4), filed May 9, 2006.  Doc. #121.  In the letter, plaintiff nSight, Inc. seeks an order compelling defendant Oracle USA, Inc. to provide further discovery based on its alleged failure to produce information in its initial disclosures.  Specifically, nSight contends that Oracle should have listed in its initial Rule 26 disclosures the names of Craig Conway, former CEO of PeopleSoft, and David Duffield, PeopleSoft's founder.  In turn, Oracle also seeks further discovery involving documents that nSight has indicated it will use to support its claims, but refuses to produce on grounds of attorney work product.

First, as to Craig Conway and David Duffield, Federal Rule of Civil Procedure 26 requires that initial disclosures set forth the names of individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses . . ."  Fed. R. Civ. P. 26(a)(1)(A). Oracle argues that it had, and currently has, no intent to use Mr. Conway or Mr. Duffield to support its defenses, therefore it had no obligation to include their names in its initial Rule 26 disclosure. The Court agrees.  As Oracle did not, and still does not, intend to use these witnesses, it was not necessary to disclose them under Rule 26.

Second, if nSight intends to introduce documents as evidence to support its claims, Rule 26 requires that it provide the documents as part of its initial disclosures. Fed. R. Civ. P. 26(a)(1)(B). Accordingly, the Court hereby ORDERS nSight to produce, within 30 days of this Order, all documents it intends to use as evidence to support its claims. For any documents in its possession, custody, or control that nSight fails to produce with 30 days, it is hereby precluded from introducing them as evidence in this matter.

**IT IS SO ORDERED.**

Dated: May 11, 2006

MARIA-ELENA JAMES
United States Magistrate Judge