United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   NSIGHT, INC.,                                    No. C 04-3836 MMC (MEJ)

12            Plaintiff,                              **ORDER GRANTING IN PART AND**
                                                      **DENYING IN PART PLAINTIFF'S**
13                                                    **MOTION FOR LEAVE TO FILE FOURTH**
       v.                                             **AMENDED COMPLAINT; VACATING**
14                                                    **HEARING**
     PEOPLESOFT, INC.,
15
              Defendant
16   _____/

17

18        Before the Court is plaintiff nSight's motion for leave to file a Fourth Amended

19   Complaint ("4AC").  Defendant Oracle USA, Inc. has filed opposition, to which plaintiff has

20   replied.  Thereafter, because plaintiff had not, with one exception, stated the purpose of the

21   proposed amendments, the Court ordered further briefing, (see Order, filed May 23, 2006),

22   which the parties subsequently filed.  Having reviewed the papers filed in support of and in

23   opposition to the motion, the Court deems the matter suitable for decision on the papers,

24   VACATES the hearing scheduled for June 30, 2006, and rules as follows.

25        On February 28, 2006, plaintiff filed a motion for leave to file a 4AC.  At the case

26   management conference conducted March 10, 2006, the Court advised plaintiff the motion

27   would not be heard until plaintiff filed a notice of motion with a hearing date and submitted a

28   proposed 4AC.  (See Minutes, filed March 10, 2006.)  Thereafter, on March 20, 2006,

1    plaintiff noticed a hearing date and submitted its proposed 4AC.

2        Initially, in seeking leave to file a 4AC, and before submitting a proposed 4AC,

3    plaintiff sought leave to make one amendment, specifically, to "stat[e] clearly," (see Pl.'s

4    Mot., filed February 28, 2006, at 3:2), the false statements allegedly made by defendant's

5    predecessor to non-party IMI Bevcore ("IMI").  As set forth in the Third Amended Complaint

6    ("TAC"), those statements, allegedly made to IMI by Ed Connolly ("Connolly"), defendant's

7    sales representative, were that plaintiff "could not come up with financing for the project"

8    and plaintiff "was incapable of having a 30% deposit of funds before it started work on the

9    project," which statements, as alleged in the TAC, were false because plaintiff "had the

10   ability to deposit the money."  (See TAC ¶ 20f.)  In the proposed 4AC, plaintiff alleges the

11   false statement made by Connolly to IMI was that plaintiff "would be unable to perform

12   without the 30% earnest deposit" plaintiff had requested from IMI, which statement plaintiff

13   alleges was false because plaintiff was able to start the project and pay its consultants

14   whether or not IMI made the requested deposit.  (See Proposed 4AC ¶ 20f.)

15       Defendant argues it would be prejudiced if plaintiff amends ¶ 20f because defendant,

16   in deposing Shawn Stufft ("Stufft"), IMI's lead negotiator on the subject contract, did not ask

17   Stufft whether Connolly made the particular statement alleged in the proposed 4AC, thus

18   implying defendant would be required to re-depose Stufft if the proposed amendment were

19   allowed.[1]  The transcript of Stufft's deposition, however, indicates Stufft was asked about

20   and answered a number of questions as to what statements, if any, were made by Connolly

21   with respect to plaintiff's proposed contract terms, and that Stufft testified Connelly never

22   stated plaintiff was in any kind of financial difficulty or, for that matter, stated anything

23   negative about plaintiff.  (See Hughes Supp. Decl., filed June 16, 2006, Ex. E at 72-73, 89-

24   90.)  In short, defendant had an opportunity to, and did in fact, address during discovery the

25   substance of the proposed amendment to ¶ 20f.  Under the circumstances, defendant has

26   not shown it would be prejudiced by the proposed amendment to ¶ 20f.  Accordingly,

27

28       [1]Defendant further notes fact discovery closed as of December 30, 2005.

1   plaintiff will be afforded leave to amend ¶ 20f, as set forth in the proposed 4AC.

2          As noted, with respect to the proposed amendments other than the proposed

3   amendment to ¶ 20f, the Court ordered plaintiff to file a supplemental brief setting forth the

4   purpose of each such proposed amendment.  In its supplemental brief, plaintiff states the

5   purpose of certain of such proposed amendments is to correct grammatical or

6   typographical errors, or to more precisely describe certain discrete factual allegations.

7   Defendant has not offered specific opposition to these types of amendments, in particular,

8   the proposed amendments to ¶¶ 7, 20, 20c, 20g, 21, and 29.  Accordingly, plaintiff will be

9   afforded leave to amend those paragraphs, as set forth in the proposed 4AC.

10          With respect to the remaining proposed amendments, specifically, the proposed

11   amendments to ¶¶ 20h, 22, 29a, 29b, 29c, 29d, 29e, 29f, 29g, 29h, the first 29i, the second

12   29i,[2] 29j, and 29l, defendant argues such amendments allege new claims and/or depend on

13   theories and evidence not disclosed in the course of discovery.  Plaintiff, on the other hand,

14   asserts its purpose is to "elaborate" on existing claims, (see, e.g., Pl.'s Explanation, filed

15   May 28, 2006, at 2:15-16), and that its existing claims would "not change a bit" if such

16   proposed amendments were allowed, (see id. at 11:24-25).  Plaintiff concedes, however,

17   "Rule 8 does not require a recitation of facts."  (See Pl.'s Reply, filed June 16, 2006, at

18   3:18-19.)  Consequently, assuming plaintiff is correct that the remaining proposed

19   amendments would "not change" its existing claims, plaintiff has failed to demonstrate any

20   need for such amendments.  Accordingly, leave to so amend will not be afforded.[3]

21   //

22   //

23   //

24   //

25

26          [2]The proposed 4AC includes two paragraphs denominated "29.i."

27          [3]If, at a later time, either party seeks to introduce evidence not timely disclosed and
28   to which objection is made, the admissibility of such evidence will be evaluated under the
    applicable federal rules.  See, e.g., Fed. R. Civ. P. 37(c)(1).

1

**CONCLUSION**

2     For the reasons stated above, plaintiff's motion for leave to file a Fourth Amended

3  Complaint is hereby GRANTED in part and DENIED in part.  Specifically, plaintiff is hereby

4  GRANTED leave to file its proposed Fourth Amended Complaint, but shall delete from such

5  pleading the proposed amendments to ¶¶ 20h, 22, 29a, 29b, 29c, 29d, 29e, 29f, 29g, 29h,

6  the first 29i, the second 29i, 29j, and 29l, as to which paragraphs leave to amend is hereby

7  DENIED.

8     Plaintiff's Fourth Amended Complaint, if any, shall be filed no later than July 7, 2006.

9  **IT IS SO ORDERED.**

10

11 Dated: June 28, 2006

12                                                    MAXINE M. CHESNEY
                                                       United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4