United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NSIGHT, INC., | No. 3:04 CV 3836 MMC (MEJ) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR FURTHER RESPONSES** |
| vs. | |
| PEOPLESOFT, INC., | |
| Defendant. | |

The Court is in receipt of the parties' Joint Meet and Confer Letter re nSight's Discovery Responses, filed August 11, 2006. (Doc. #176.) In the letter, defendant Oracle USA, Inc. seeks further responses to its document and interrogatory requests. Oracle served its document requests and interrogatories on October 18, 2005. On November 26, 2005, nSight objected to the requests, arguing that Oracle did not have standing to propound discovery as PeopleSoft, Inc. remained the proper defendant in this case. On May 11, 2006, the Court granted Oracle's motion to compel and ordered nSight to respond within 30 days. (Doc. #125.) nSight served its responses on June 8, 2006.

**A.   Document Requests**

In its response to Oracle's document requests, nSight listed all 50 requests and at the end set forth a "common response to document requests." (Doc. #176, Ex.B.) Oracle argues that this

response makes it impossible to determine for which requests documents are being produced, whether nSight lacks documents responsive to any requests, or whether its response and production is complete. nSight responds that it produced documents pursuant to Federal Rule of Civil Procedure ("FRCP") 26 "in light of the fact that the issue of whether Oracle USA could serve such requests was not adjudicated at that time."

Upon review of nSight's response, the Court finds that nSight must provide further responses in compliance with FRCP 34. Rule 34 requires that nSight respond separately to each item in Oracle's request. Fed. R. Civ. P. 34(b). Accordingly, by September 1, 2006, nSight shall respond with respect to each separate document request, organizing and labeling the documents to correspond with the categories in Oracle's requests. In addition, if it is nSight's position that it is unable to comply with any of the requests, it shall state that it conducted a diligent search and reasonable inquiry has been made in an effort to locate each item requested and state the reason(s) for its inability to comply.

**B.     Interrogatories**

Regarding Oracle's interrogatories, nSight objected to Interrogatories Nos. 17 (in part) and 18 through 25 on the ground that they exceeded the limit of 25 interrogatories set by FRCP 33(a). Oracle argues that nSight waived any such objection when it refused to answer the interrogatories in November, 2005.

Upon review of the parties' arguments, the Court finds that nSight did not waive its objections to the number of Oracle's interrogatories. In its responses, nSight objected to the following interrogatories as containing subparts: #2 (nSight treated as two interrogatories), #3 (nSight treated as two interrogatories), #6 (nSight treated as two interrogatories), #11 (nSight treated as three interrogatories), #12 (nSight treated as three interrogatories), #16 (nSight treated as two interrogatories), #17 (nSight treated as four interrogatories), ##18-26 (nSight provided no response).

Subparts count as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question." *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684, 685 (1997) (*quoting Ginn v. Gemini Inc.*, 137 F.R.D. 320, 322 (D.Nev. 1991); *see also Safeco*

2

*of America v. Rawstrom*, 181 F.R.D. 441, 445 (C.D. Cal. 1998).  Under this standard, the Court finds that the following interrogatories contain subparts that it considers separate interrogatories: #2 (two interrogatories), #6 (two interrogatories), and #17 (three interrogatories).  Accordingly, nSight must respond to Interrogatories Nos. 1 through 21 as written.  It need not respond to Interrogatories Nos. 22 through 26.

      Oracle also sets forth arguments for individual interrogatory responses, but nSight requests an additional three weeks to provide more complete responses.  Based on nSight's request, the Court shall permit nSight until September 1, 2006 to provide further responses.  The Court shall not address Oracle's individual arguments; however, nSight should be mindful of Oracle's arguments and the requirements of FRCP 33 in its supplemental responses.

**IT IS SO ORDERED.**

Dated: August 16, 2006

MARIA-ELENA JAMES
United States Magistrate Judge