IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NSIGHT, INC.,

    Plaintiff,

    v.

PEOPLESOFT, INC.,

    Defendant
                                              /

No. C 04-3836 MMC (MEJ)

**ORDER PURSUANT TO RULE 60(a) OF FEDERAL RULES OF CIVIL PROCEDURE**

        On November 27, 2006, the Court entered its Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment, finding therein that defendant was entitled to summary judgment as to the First, Third, and Fourth Causes of Action, dismissing the remaining claims without prejudice to plaintiff's refiling such claims in state court, and terminating any other motions pending at the time of the issuance of said order.  The Court, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, now enters the following order to correct an error arising from oversight or omission, specifically, to set forth the Court's rulings as to such other motions, which motions reflect, in essence, the parties' respective objections to evidence offered in connection with the above-referenced motion for summary judgment:

        1. Plaintiff's "Motion to Disqualify Erik Terreri as Expert Witness," filed October 30,

2006, and plaintiff's "Motion to Strike Declaration of Erik Terreri," filed November 13, 2006, are hereby DENIED as moot, for the reason the Court has not relied on the testimony of Erik Terreri in ruling on defendant's motion for summary judgment.

2. Plaintiff's "Motion to Strike Deposition Testimony of Shawn Stufft, Merv Tarde, and Declarations of Jacqueline M. Ryan and Robbin Henslee and James A. Hughes," filed November 10, 2006, is hereby DENIED. First, the Court has not relied on the declarations of Jacqueline M. Ryan and Robbin Henslee, nor on Exhibits G, H, I, and 46 to the Declaration of James A. Hughes, in ruling on defendant's motion for summary judgment, and, consequently, plaintiff's motion to strike such declarations is moot. Second, plaintiff has failed to show that the testimony of Shawn Stufft and Merv Tarde is so uncredible as to be inadmissible.

3. Plaintiff's "Motion to Disqualify Mark Stepka as Expert Witness," filed November 10, 2006, is hereby DENIED as moot; defendant has not offered the testimony of Mark Stepka in support of its motion for summary judgment.

4. Defendant's "Motion to Exclude Expert Report and Testimony of Dr. Anuradha Maitra," filed October 27, 2006, is hereby DENIED as moot; the opinions offered by Dr. Maitra are, even if admissible, insufficient to create a triable issue of fact, because such opinions are conclusory and not supported by any evidence submitted by plaintiff.

**IT IS SO ORDERED.**

Dated: November 30, 2006

MAXINE M. CHESNEY
United States District Judge

2