IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NSIGHT, INC., | No. C 04-3836 MMC (MEJ) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION UNDER FEDERAL RULE 59(e)** |
| v. | |
| PEOPLESOFT, INC., | |
| Defendant | |

    On November 28, 2006, the Clerk entered judgment in the instant case. On December 12, 2006, defendant filed a motion to alter or amend the judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. In response to defendant's motion, plaintiff filed, also on December 12, 2006, a motion to strike defendant's Rule 59(e) motion.

    In its motion to strike, plaintiff asserts that the Court lacks jurisdiction over defendant's motion, and requests a ruling in advance of the date plaintiff otherwise would be required to file a substantive response thereto. Having reviewed the motion to strike, the Court hereby DENIES the motion.

    First, contrary to plaintiff's argument, defendant's motion is timely because the motion was filed within ten court days of November 28, 2006. See Fed. R. Civ. P. 59(b) (providing motion to alter or amend judgment "shall be filed no later than 10 days after entry

1  of judgment"); Rule 6(a) (providing "[w]hen the period of time prescribed or allowed [in a
2  Federal Rule] is less than 11 days, intermediate Saturdays, Sundays, and legal holidays
3  shall be excluded in the computation").  Second, although plaintiff notes that it filed a notice
4  of appeal on November 28, 2006, the Court nevertheless has jurisdiction to consider
5  defendant's Rule 59(e) motion.  See Rains v. Flinn (In re Rains), 428 F. 3d 893, 904 (9th
6  Cir. 2005) (holding "district court [has] jurisdiction to entertain timely motion to alter or
7  amend the judgment after notice of appeal is filed") (internal quotation and citation omitted).

**IT IS SO ORDERED.**

Dated: December 18, 2006

MAXINE M. CHESNEY
United States District Judge