IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NSIGHT, INC., | No. C 04-3836 MMC (MEJ) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT** |
| v. | |
| PEOPLESOFT, INC., | |
| Defendant / | |

Before the Court is the "Motion of Defendant Oracle USA, Inc. (As Successor to Peoplesoft, Inc.) Under Rule 59(e) to Alter or Amend Judgment," filed by defendant on December 12, 2006. Plaintiff nSight, Inc. has filed opposition, to which defendant has replied. Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

By order filed November 27, 2006, the Court granted defendant's motion for summary judgment as to each of plaintiff's remaining federal claims, denied plaintiff's request for reconsideration of plaintiff's previously-dismissed claims, and dismissed without prejudice each of plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). On November 28, 2006, the Clerk entered judgment on the Court's order of November 27, 2006. Defendant, by the instant motion, requests that the Court reconsider its decision to dismiss plaintiff's remaining state law claims without prejudice and, instead, rule on the

---

[1] By order filed March 14, 2007, the Court took the matter under submission.

merits of defendant's motion for summary judgment as it applies to such claims.

For the reasons stated by defendant, the Court finds it appropriate to reconsider its order filed November 27, 2006. Accordingly, turning to the merits of defendant's motion for summary judgment, as it pertains to plaintiff's remaining state law claims, the Court finds as follows:[2]

1. Defendant is entitled to judgment on the Sixth Cause of Action, by which plaintiff alleges a claim for breach of the implied covenant of good faith and fair dealing. For the reasons stated by defendant in its motion for summary judgment, plaintiff has failed to raise a triable issue as to the existence of a "Teaming Agreement," whether express or implied, pertaining to either IMI BEVCORe ("IMI") or Interstate Battery System of America ("IBSA"). (See Fourth Amended Complaint ("4AC") at ¶¶ 17, 19, 42.)

2. Defendant is entitled to judgment on the Seventh Cause of Action, by which plaintiff alleges a claim for breach of fiduciary duty, predicated on an asserted partnership relationship created by the above-referenced "Teaming Agreements." For the reasons stated by defendant, and as set forth above, plaintiff has failed to raise a triable issue as to existence of any "Teaming Agreement."[3]

3. Defendant is entitled to judgment on the Eighth Cause of Action, by which plaintiff alleges a claim for breach of contract, specifically, breach of the above-referenced "Teaming Agreements." For the reasons stated by defendant, and as set forth above, plaintiff has failed to raise a triable issue as to existence of any such agreement.

4. Defendant is entitled to judgment on the Tenth Cause of Action, by which plaintiff alleges a claim for tying in violation of §§ 16720 and 16727 of the California Business and

---

[2] To the extent the Court has, in the following discussion, relied on any evidence offered by defendant to which plaintiff has objected, the objection is overruled.

[3] In its opposition, plaintiff argues that a fiduciary duty also was created by the parties' Mid-Market Industry Solutions Provider Agreement. (See Pl.'s Mot. for Contract Interpretation, filed November 10, 2006, at 2:4-25.) Assuming, arguendo, defendant has been given fair notice that plaintiff's breach of fiduciary duty claim is premised on such additional agreement, the agreement, as defendant points out, expressly provides that it does not create a partnership. (See Def.'s Opp. to Pl.'s Mot. for Contract Interpretation, filed November 17, 2006) (citing exhibits).

Professions Code.  For the reasons stated by defendant, plaintiff has failed to raise a triable issue as to whether defendant conditioned the sale of its software and/or software upgrades upon a buyer's purchase of defendant's consulting or implementation services. See Morrison v. Viacom, Inc., 78 Cal. App. 4th 534, 540 (1998) ("A tying arrangement is a requirement that a buyer purchase one product or service as a condition of the purchase of another.") (internal quotation and citation omitted).

5. Defendant is entitled to judgment on the Eleventh Cause of Action, by which plaintiff alleges a claim for trade libel.  For the reasons stated by defendant, plaintiff has failed to raise a triable issue as to whether defendant made a false statement of fact about defendant's services or products or about plaintiff's services or products.  See Leonardini v. Shell Oil Co., 264 Cal. App. 3d 547, 572-73 (199) (holding trade libel claim requires evidence that defendant made "false statements concerning the quality of services or product of a business").

6. Defendant is entitled to judgment on the Twelfth Cause of Action, by which plaintiff alleges a claim for interference with existing and prospective business advantage, premised on the allegation that defendant used "coercive methods," specifically, tying and "defamatory information" to "entice[ ]" customers.  (See 4AC ¶ 56.)  As discussed above, plaintiff has failed to raise a triable issue as to whether defendant engaged in tying or made any false statements about defendant's or plaintiff's services or products.

7. Defendant is entitled to judgment on the Thirteenth Cause of Action, by which plaintiff alleges a claim for fraud predicated on the allegation that plaintiff was fraudulently induced to enter the above-referenced "Teaming Agreements."  For the reasons stated by defendant, and as set forth above, plaintiff has failed to raise a triable issue as to the existence of any "Teaming Agreements" pertaining to either IMI or IBSA.

8. Defendant is entitled to judgment on the Fourteenth Cause of Action, by which plaintiff alleges a claim for misappropriation of trade secrets.  For the reasons stated by defendant, plaintiff has failed to raise a triable issue as to whether defendant appropriated or used any trade secret owned by plaintiff.

3

9. Defendant is entitled to judgment on the Ninth Cause of Action, by which plaintiff alleges a claim for violation of § 17200 of the California Business & Professions Code. Said claim is derivative of plaintiff's other claims, (see 4AC ¶¶ 45-46), and, for the reasons stated herein and in the Court's order of November 27, 2006, defendant has demonstrated it is entitled to summary judgment as to each of plaintiff's other claims.

## CONCLUSION

For the reasons stated, defendant's motion to alter or amend the judgment is hereby GRANTED.

The Clerk is directed to enter an Amended Judgment as follows:

1. Defendant's motion for summary judgment is hereby GRANTED.

2. Plaintiff's request for reconsideration of the Court 's order dismissing the Second and Fifth Causes of Action is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  March 16, 2007

MAXINE M. CHESNEY
United States District Judge