IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NSIGHT, INC.,<br><br>        Plaintiff,<br>  v.<br><br>PEOPLESOFT, INC.,<br><br>        Defendant<br>_____/ | No. C 04-3836 MMC (MEJ)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SANCTIONS** |

     Before the Court is defendant Oracle USA, Inc.'s motion for sanctions, pursuant to 28 U.S.C. § 1927, Rule 26(g) of the Federal Rules of Civil Procedure, Rule 1-4 of the Civil Local Rules, and the Court's inherent power. Plaintiff nSight, Inc. has filed opposition. Defendant has filed a reply and, with leave of court, a supplemental declaration, to which plaintiff, with leave of court, has filed a response. Having considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

     Pursuant to § 1927, a district court may order an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct," see 28 U.S.C. § 1927; such order must be "supported by a finding of subjective bad faith," see In re Keegan Management Co. Sec. Litig., 78 F. 3d 431, 436 (9th Cir. 1995). Pursuant to the

---

[1] By order filed March 14, 2007, the Court took the matter under submission.

Civil Local Rules of this District, a "failure by counsel or a party to comply with any duly promulgated local rule or Federal Rule may be a ground for imposition of any authorized sanction." See Civil L.R. 1-4.  Additionally, a district "court has the inherent power to sanction a party or its lawyers if it acts in willful disobedience of a court order or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, as well as for willful abuse of the judicial processes." See Gomez v. Vernon, 255 F. 3d 1118, 1133-34 (9th Cir. 2001) (internal quotation, citation, and alterations omitted).

**A.  Pursuit of Claims After Close of Discovery**

Defendant argues that plaintiff, as of the close of discovery on December 30, 2005, knew it lacked any evidence to support certain of plaintiff's causes of action, specifically, plaintiff's then-remaining antitrust causes of action, plaintiff's trade disparagement cause of action, and plaintiff's causes of action pertaining to "Teaming Agreements" with respect to IMI BEVCORe ("IMI") and Interstate Battery System of America ("IBSA").  Consequently, defendant argues, plaintiff's pursuit of said causes of action after the close of discovery constitutes sanctionable behavior.

At the outset, the Court finds defendant has not made a sufficient showing that plaintiff itself was aware of the nature of the discovery, or lack thereof, or that plaintiff directed or otherwise was aware of the particular choices made by plaintiff's counsel after the close of discovery.  Consequently, the Court declines to find plaintiff itself acted in bad faith or otherwise had the requisite state of mind for purposes of a finding that plaintiff engaged in sanctionable behavior.  Cf. Miller v. Cardinale (In re Deville), 361 F. 3d 539, (9th Cir. 2004) (affirming monetary sanctions imposed against both party and his counsel, where both party and counsel engaged in sanctionable behavior).

With respect to plaintiff's counsel, the Court first notes that plaintiff's counsel has offered various explanations for his decision to pursue, after the close of discovery, certain of the above-referenced causes of action.  Specifically, plaintiff's counsel has provided various reasons for his continued pursuit of the antitrust causes of action, the trade disparagement cause of action as it pertained to IMI, and plaintiff's causes of action

1  pertaining to a "Teaming Agreement" with respect to IMI.  Having considered the proffered
2  reasons, the Court finds that, although a serious question remains as to the propriety of
3  plaintiff's counsel's conduct, there is an insufficient showing by defendant to support a
4  finding that the continued prosecution of such causes of action after the close of discovery
5  was in bad faith or was otherwise with the requisite state of mind for purposes of a finding
6  that plaintiff's counsel engaged in sanctionable behavior.

7  Plaintiff's counsel has failed, however, to offer any explanation as to why, after the
8  close of discovery, he pursued the trade disparagement cause of action, to the extent such
9  cause of action included a claim that defendant made disparaging remarks about plaintiff to
10  IBSA, or the causes of action pertaining to defendant's alleged breach of "Teaming
11  Agreements," to the extent such causes of action included a claim that defendant breached
12  a "Teaming Agreement" with respect to IBSA.  The Court nevertheless has reviewed the
13  record to ascertain whether an explanation consistent with a finding that plaintiff's counsel
14  did not act in bad faith with respect to such claims may be evident therefrom.  No such
15  explanation is evident.

16  What is evident, however, is that, as defendant has shown, plaintiff obtained no
17  discovery from defendant, from IBSA, or from any third party, to support plaintiff's claims
18  that defendant defamed plaintiff to IBSA or that an alleged "Teaming Agreement" between
19  plaintiff and defendant concerning IBSA existed, let alone was breached.  Further, it is clear
20  that plaintiff obtained no evidence outside the discovery process to support such claims;
21  plaintiff provided no disclosure of any such evidence to defendant and, in its opposition to
22  defendant's motion for summary judgment, failed to submit any evidence to support such
23  claims, irrespective of its source.

24  In sum, plaintiff's counsel chose to pursue the above-referenced claims pertaining to
25  IBSA after the close of discovery, thus requiring defendant to incur fees and costs to
26  defend itself against such claims, even though plaintiff's counsel knew plaintiff would not be
27  able to support those claims with evidence.  As noted, plaintiff's counsel has offered no
28  explanation for such conduct, and the Court has ascertained none from the record.  Under

such circumstances, the Court finds plaintiff's counsel, after the close of discovery, acted in bad faith with respect to his continued prosecution of the above-referenced claims pertaining to IBSA.

Defendant's counsel attests that defendant incurred, after the close of discovery, $24,700 in fees and $1771.94 in costs to defend against plaintiff's trade disparagement cause of action. Having reviewed, inter alia, defendant's time sheets and the method defendant employed to allocate fees and costs among plaintiff's causes of action, and having considered plaintiff's objections thereto, the Court finds the hours, rates and amounts claimed by defendant to defend against the trade disparagement cause of action are reasonable. The trade disparagement cause of action, however, contains both a claim pertaining to IMI and a claim pertaining to IBSA, and defendant has not expressly allocated the fees and costs incurred between those claims. Nevertheless, nothing in the record suggests that either the work performed or costs incurred should be other than equally apportioned between the two claims comprising the trade disparagement cause of action. Accordingly, with respect to the claim pertaining to IBSA within the trade disparagement cause of action, the Court finds it appropriate to sanction plaintiff's counsel, pursuant to § 1927 and the Court's inherent power, in the amount of $13,235.97, which amount represents defendant's reasonably-incurred attorney's fees in the amount of $12,350 and reasonably-incurred costs in the amount of $885.97.

Defendant's counsel additionally attests that defendant incurred, after the close of discovery, $25,902.50 in fees and $1771.94 in costs to defend against plaintiff's causes of action pertaining to the alleged "Teaming Agreement" concerning IBSA. Again, having reviewed defendant's time sheets and method of allocation, and having considered plaintiff's objections thereto, the Court finds it appropriate to further sanction plaintiff's counsel, pursuant to § 1927 and the Court's inherent power, in the amount of $27,674.44.

**B. Other Conduct**

Defendant argues that, during the course of the instant litigation, plaintiff filed an unmeritorious motion for entry of default, failed to appear at a noticed deposition, failed to

4

respond to certain discovery requests, did not comply with certain orders issued by Magistrate Judge Maria Elena James, and responded to defendant's motion for summary judgment in a procedurally improper manner. Such acts and omissions, according to defendant, constitute sanctionable behavior.

Having reviewed the record with respect thereto, the Court finds an insufficient basis exists to conclude that any such act or omission rose to the level of sanctionable conduct on the part of plaintiff itself, and, with the one exception discussed below, on the part of plaintiff's counsel as well.

The one exception concerns plaintiff's counsel's failure to appear with Henry Gong ("Gong"), plaintiff's principal, at Gong's deposition noticed by defendant for December 6, 2005. Plaintiff's counsel does not dispute that the failure to appear was a deliberate decision. Plaintiff's counsel argues, however, that his decision is not sanctionable because he believed, at the time he did not appear, that defendant's deposition notice was procedurally deficient.[2] Plaintiff's counsel fails to explain why, however, when he received what he believed was a deficient notice, he failed to file a motion for a protective order, see Fed. R. Civ. P. 26(c), or, at a minimum, to notify defendant informally that neither he nor Gong would attend the noticed deposition. As a result of counsel's unilateral decision to simply disregard the notice, defendant unnecessarily incurred fees on December 6, 2005, which defendant attests are in the amount of $552.50. (See Hughes Decl., filed December 12, 2006, Ex. C.)

In plaintiff's opposition, plaintiff's counsel correctly notes that sanctions under § 1927 are inappropriate upon a finding of "ignorance or negligence." See Barber v. Miller, 146 F. 3d 707, 711 (9th Cir. 1998). Plaintiff's counsel has not, however, submitted a declaration to the effect that he was ignorant of the proper procedure for challenging a deposition notice. Indeed, the record establishes that plaintiff's counsel was well aware that the proper procedure for challenging a noticed deposition is to move for a protective

---

[2] By order filed May 11, 2006, Magistrate Judge James rejected plaintiff's argument that the notice was procedurally deficient.

5

order, given that plaintiff's counsel, on November 18, 2005, filed a motion for a protective order in which he challenged defendant's notice of the deposition of Shawn Stufft. (See Mot. for Protective Order, filed November 18, 2005, Docket # 69.)

Under the circumstances, the Court finds plaintiff's counsel's failure to appear on December 6, 2005 was in bad faith.

Accordingly, the Court finds it appropriate to sanction plaintiff's counsel, pursuant to § 1927 and the Court's inherent power, in the additional amount of $552.50.

## CONCLUSION

For the reasons stated, defendant's motion for sanctions is hereby GRANTED in part and DENIED in part, as follows:

1. Defendant is awarded sanctions against plaintiff's counsel in the total amount of $41,462.91.

2. In all other respects, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 19, 2007

MAXINE M. CHESNEY
United States District Judge